**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO GARCIA FRANCO; ANDREA FRANCO REYES; AMADEO GARCIA FRANCO; CARLA YANET GARCIA FRANCO; ESBEIDI GARCIA FRANCO, | No. 22-1924 |
| Petitioners, | Agency Nos. A088-714-267 A206-674-917 A206-674-918 A206-674-919 A206-674-920 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2024[**]
Pasadena, California

Before: BOGGS[***], RAWLINSON, and H.A. THOMAS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

Ignacio Garcia Franco (Ignacio), his wife, Andrea Franco Reyes, and their three children, Amadeo Garcia Franco, Carla Yanet Garcia Franco, and Esbeidi Garcia Franco (collectively Petitioners) are natives and citizens of Mexico. They petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial of their applications[1] for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] The applications were predicated on Ignacio's testimony that he was kidnapped for ransom and was subsequently told to stay out of certain areas of his home state in Mexico. His wife and children fear future persecution and torture based on the proposed social group of "immediate family member[s] of Ignacio." We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

When the BIA adopts the decision of the Immigration Judge (IJ) by citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "and provides its own review of the evidence and law, we review the decisions of both the BIA and the IJ. We review the [BIA's] legal conclusions de novo and its factual findings for substantial evidence." *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022) (citation omitted). "Under the substantial evidence standard, administrative

---

[1] The wife and children's applications are derivative of Ignacio's application.

[2] Ignacio withdrew his applications for asylum and withholding of removal, seeking only CAT protection before the IJ. To ensure coherence between the BIA and the IJ's decisions, we address all of Ignacio's applications for relief.

findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary. . . ." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022), *as amended* (citation omitted) (emphasis in the original).

**1.** Substantial evidence supports the determination that Petitioners are not eligible for asylum or withholding of removal. Petitioners did not identify a nexus between any alleged past persecution or fear of future persecution and a protected ground. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of nexus to a protected ground is dispositive of . . . asylum and withholding of removal claims.") (citation omitted). Although Ignacio's petition indicated that he was "seeking asylum or withholding of removal" based on "Political opinion" and "Membership in a particular social group," he never explained the underlying bases for these selections, and later withdrew reliance on those protected grounds.

In addition, the record contains no evidence to suggest that Ignacio's wife and children face persecution upon their return to Mexico. Although Ignacio credibly testified that he had been kidnapped for ransom, he also related that he was released once his captors realized they had mistaken him for someone else. And Ignacio never indicated that his family was harmed or threatened on account of their relationship to him. Given these circumstances, we are not compelled to

3

conclude that Ignacio's wife and children established a nexus between their familial relationship and the feared harm. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("To establish a nexus between [a petitioner's] family membership and her harm, [the petitioner] must show that her family membership was a reason motivating the [persecutor] to target her. . . .") (citation omitted).[3]

2.    Substantial evidence also supports the denial of CAT relief. The record does not compel the conclusion that "it is more likely than not that [Petitioners] would be tortured if removed to [Mexico]." *Garcia-Milan v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014), *as amended* (citation omitted). Petitioners submitted country conditions reports discussing kidnappings and killings by criminal organizations, but this evidence does not compel the conclusion that Petitioners face a particularized risk of torture. *See Tzompantzi-Salazar*, 32 F.4th at 706–07 (concluding that "country conditions evidence acknowledg[ing] crime and police corruption in Mexico generally . . . fails to show that [a] [p]etitioner faces a particularized, ongoing risk of future torture") (citation omitted).

---

[3] Because the lack of nexus is dispositive, we decline to consider whether: (1) Ignacio's past harm rose to the level of persecution; (2) Petitioners would be persecuted by persons the Mexican government is unwilling or unable to control; or (3) whether Petitioners can safely relocate within Mexico. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted).

Nor did Petitioners demonstrate that any torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Garcia-Milan,* 755 F.3d at 1033 (citation omitted). General ineffectiveness in preventing criminal activity does not compel a conclusion of government acquiescence. *See id.* 1033–34.

**PETITION DENIED.**[4]

---

[4] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied.